UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | CV 24-02503 PSG (RAOx) | Date | May 22, 2024 |
|---|---|---|---|
| Title | Lorraine De Leonardis v. Specialized Loan Servicing, LLC et al. | | |

| Present: The Honorable | Philip S. Gutierrez, United States District Judge |
|---|---|
| Lynnie Fahey | Not Reported |
| Deputy Clerk | Court Reporter |
| Attorneys Present for Plaintiff(s): | Attorneys Present for Defendant(s): |
| Not Present | Not Present |

**Proceedings (In Chambers):** Order DENYING Plaintiff's motion to remand and GRANTING Defendant's motion to dismiss. DKT [8][14]

Before the Court are two motions: Plaintiff Lorraine De Leonardis's ("Plaintiff") motion to remand the case to Los Angeles County Superior Court, *see* Dkt. # 14 ("*Remand Mot.*"), and Defendant Specialized Loan Servicing, LLC's ("Defendant") motion to dismiss the complaint, *see* Dkt. # 8 ("*MTD*"). The parties opposed each other's motions. *See* Dkt. # 15 ("*Remand Opp.*"); Dkt. # 17 ("*MTD Opp.*"). The Court finds this matter appropriate for decision without oral argument. *See* Fed. R. Civ. P. 78; L.R. 7–15. Having considered the moving and opposing papers, the Court **DENIES** Plaintiff's motion to remand and **GRANTS** Defendant's motion to dismiss the complaint **without prejudice** as to Plaintiff's concealment and UCL claims but **with prejudice** as to Plaintiff's negligence claim.

I. Background

On March 5, 2015, Plaintiff took out a first lien purchase money mortgage loan in the amount of $355,500 from Wells Fargo, secured by a deed of trust on the property, to buy the house in which she currently lives in Sun Valley, California. *Complaint*, Dkt. # 1-1 ("*Compl.*"), ¶¶ 1, 14; *id.*, Ex. A ("*Deed of Trust*").[1] Plaintiff consistently made payments on the mortgage until April 2021, when, during the COVID-19 pandemic, she lost income due to the government shutdowns, fell ill, and was hospitalized for two months. *Compl.* ¶¶ 15–16. On February 1, 2022, Plaintiff entered into a loan modification agreement with Wells Fargo so that she could satisfy her debt obligations. *Id.* ¶ 18; *id.*, Ex. B ("*Loan Modification*"). On March 7, 2023,

---

[1] Unless otherwise noted, the Court accepts as true all the facts alleged in Plaintiff's complaint. *Doe v. United States*, 419 F.3d 1058, 1062 (9th Cir. 2005); *ARC Ecology v. U.S. Dep't of Air Force*, 411 F.3d 1092, 1096 (9th Cir. 2005); *Moyo v. Gomez*, 32 F.3d 1382, 1384 (9th Cir. 1994).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 24-02503 PSG (RAOx) | Date | May 22, 2024 |
|---|---|---|---|
| Title | Lorraine De Leonardis v. Specialized Loan Servicing, LLC et al. | | |

Wells Fargo assigned its interest in the property to Defendant. *Compl.* ¶ 19; *id.*, Ex. C ("*Assignment*").

In October 2023, Plaintiff again contracted COVID-19, making her unable to work and continue making her mortgage payments. *Compl.* ¶ 20. Plaintiff contacted Defendant to explore loss mitigation problems, such as a repayment plan, since her loan was under 90 days past due, an eligibility requirement for a repayment plan. *See id.* ¶¶ 21–22. But before Plaintiff could formally apply for a repayment plan, Defendant declared her ineligible for any loss mitigation option without any explanation. *Id.* ¶¶ 22–26.

Regardless, in December 2023, Plaintiff submitted a loss mitigation application. *Id.* ¶¶ 27–28. Shortly thereafter, Defendant denied Plaintiff's application on the grounds that Plaintiff had already received a loan modification in 2022, rendering her ineligible for further modifications. *Id.* ¶ 29. Plaintiff concedes that she has received one loan modification. *Id.* ¶ 30.

On January 17, 2024, Plaintiff submitted a second loss mitigation application. *Id.* ¶ 31. On January 29, 2024, Plaintiff received a second denial letter from Defendant, this time stating that Defendant was "unable to reduce payments without altering the terms of the loan beyond what modification permits." *Id.* ¶ 34. Defendant further denied the application because the loan no longer met the requirements of being under 90 days delinquent at the time of the application. *Id.* ¶ 36.

In early February 2024, Plaintiff received a letter from Defendant, dated January 12, 2024, that erroneously stated that the owner of the property had passed away. *Id.* ¶ 32; *id.*, Ex. D ("*Demise Letter*").

Plaintiff currently has the financial means to make her current mortgage payments to Defendant, but Defendant is unwilling the accept those payments unless the entire outstanding balance of the loan is paid in full. *Compl.* ¶ 35. Plaintiff and her family are thus at risk of losing their home if Defendant proceeds with foreclosure proceedings, which have yet to be initiated. *Id.* ¶ 37.

As a result, on February 23, 2024, Plaintiff filed this complaint in the Los Angeles County Superior Court, which Defendant timely removed to this Court on March 27, 2024. *See generally id.*; *Notice of Removal*, Dkt. # 1 ("*Removal*"). Plaintiff brings three causes of action:

<u>First cause of action</u>: Concealment. *Compl.* ¶¶ 38–50.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 24-02503 PSG (RAOx) | Date | May 22, 2024 |
|---|---|---|---|
| Title | Lorraine De Leonardis v. Specialized Loan Servicing, LLC et al. | | |

Second cause of action: Negligence. *Id.* ¶¶ 51–58.

Third cause of action: Violations of California's Unfair Competition Law, Bus. & Prof. Code §§ 17200, et seq. *Id.* ¶¶ 59–72.

Plaintiff seeks preliminary and permanent injunctions (1) compelling Defendant to review Plaintiff's loss mitigation application in good faith and (2) prohibit Defendant from commencing foreclosure proceedings against the property during the pendency of this action. *Id.* ¶¶ 73–76. Plaintiff also seeks general and statutory damages and attorney's fees. *Id.* 10:25–28.

Plaintiff now requests that the Court remand this proceeding to state court on the grounds that the amount in controversy is insufficient to establish diversity jurisdiction over these state law-only claims. *See generally* Remand Mot. Defendant opposes, *see generally* Remand Opp., and requests that the Court dismiss the complaint under Federal Rules of Civil Procedure ("FRCP") 9(b) and 12(b)(6) on grounds that the complaint does not plead fraud with specificity and fails to state a claim upon which relief may be granted, *see generally* MTD.

II.  Remand

A.  Legal Standard

"Federal courts are courts of limited jurisdiction, possessing only that power authorized by Constitution and statute." *Gunn v. Minton*, 568 U.S. 251, 256 (2013) (internal quotation marks omitted). Under 28 U.S.C. § 1441, a defendant may remove a civil action from state court to federal district court only if the federal court has subject matter jurisdiction over the case. *See City of Chi. v. Int'l Coll. of Surgeons*, 522 U.S. 156, 163 (1997) ("The propriety of removal thus depends on whether the case originally could have been filed in federal court."). The case shall be remanded to state court if at any time before final judgment it appears a removing court lacks subject matter jurisdiction. *See* 28 U.S.C. § 1447(c); *Int'l Primate Prot. League v. Adm'rs of Tulane Educ. Fund*, 500 U.S. 72, 87 (1991). Courts strictly construe the removal statute against removal jurisdiction. *See Provincial Gov't of Marinduque v. Placer Dome, Inc.*, 582 F.3d 1083, 1087 (9th Cir. 2009); *Luther v. Countrywide Home Loans Servicing, LP*, 533 F.3d 1031, 1034 (9th Cir. 2008). "A defendant seeking removal has the burden to establish that removal is proper and any doubt is resolved against removability." *Luther*, 533 F.3d at 1034; *see also Moore-Thomas v. Alaska Airlines, Inc.*, 553 F.3d 1241, 1244 (9th Cir. 2009) ("[A]ny doubt about the right of removal requires resolution in favor of remand."); *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003) ("Where it is not facially evident from the complaint that more than $75,000 is in controversy, the removing party must prove, by a

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 24-02503 PSG (RAOx) | Date | May 22, 2024 |
|---|---|---|---|
| Title | Lorraine De Leonardis v. Specialized Loan Servicing, LLC et al. | | |

preponderance of the evidence, that the amount in controversy meets the jurisdictional threshold.").

Here, Plaintiff asserts only state law claims, meaning that jurisdiction in this Court must be based on diversity jurisdiction. *See Removal* ¶¶ 7–10; 28 U.S.C. § 1332. For a federal court to exercise diversity jurisdiction, there must be "complete" diversity between the parties and the $75,000 amount in controversy requirement must be met. *See Strawbridge v. Curtis*, 7 U.S. 267, 267 (3 Cranch) (1806); 28 U.S.C. § 1332(a). Individuals are citizens of their state of domicile—i.e., the state where they reside and intend to remain indefinitely. *See Kanter v. Warner-Lambert, Co.*, 265 F.3d 853, 857 (9th Cir. 2001). A corporation is a citizen of every state in which it is incorporated and of the state where its principal place of business is located. *Hertz v. Friend*, 559 U.S. 77, 85, 88 (2010). If a party is a limited liability company, it is a citizen of each and every state of which its members are citizens. *C.T. Carden, et al. v. Arkoma Assocs.*, 494 U.S. 185, 195–96 (1990); *Johnson v. Columbia Properties Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006).

B.   Discussion

Plaintiff does not dispute that there is complete diversity between the parties,[2] but instead argues that Defendant has not carried its burden to show that the amount in controversy exceeds $75,000. *See Remand Mot.* Plaintiff asserts that because she is seeking an injunction preventing the foreclosure of her house, the property is the object of the litigation. *Remand Mot.* 2:23–3:5; *Cohn v. Petsmart, Inc.*, 281 F.3d 837, 840 (9th Cir. 2002) (holding that in an action seeking injunctive relief, "the amount in controversy is measured by the value of the object of the litigation"). Plaintiff says that Defendant has failed to meet its burden by only discussing the

---

[2] Plaintiff, an individual, resides permanently in California, making her a citizen of the state. *See Compl.* ¶ 1 ("At all times relevant, Plaintiff has used the PROPERTY [defined as 8990 Cayuga Avenue, Sun Valley, California 91352] as her primary residence."); *see Lew v. Moss*, 797 F.2d 747, 749–750 (9th Cir. 1986) (a person is domiciled in a location where he or she has established a fixed habitation or abode in a particular place and intends to remain there permanently or indefinitely). Defendant is an LLC with a sole member, Specialized Loan Servicing Holdings LLC. The sole member of Specialized Loan Servicing Holdings LLC is Computershare Mortgage Services Inc., who is formed under the laws of the state of Delaware with its principal place of business in Colorado. *Removal* ¶ 10. As a corporation, that makes Computershare Mortgage Services Inc. a citizen of Delaware and Colorado, *see Hertz*, 559 U.S. at 85, which means Defendant is also a citizen of Delaware and Colorado, *see Johnson*, 437 F.3d at 899. As the parties are not citizens of the same states, there is complete diversity between them.

Case 2:24-cv-02503-PSG-RAO   Document 18   Filed 05/22/24   Page 5 of 12   Page ID #:142

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 24-02503 PSG (RAOx) | Date | May 22, 2024 |
|---|---|---|---|
| Title | Lorraine De Leonardis v. Specialized Loan Servicing, LLC et al. | | |

amount overdue on the mortgage and not the value of the property in its notice of removal. *Id.* 3:5–8.

Defendant disputes that the value of the property is the proper measure of damages, proffering instead that the value of what it would cost for the foreclosure of the subject property to be prevented and/or placed on hold for a period of time is the proper measure of damages. *Remand Opp.* 3:12–15. Defendant includes these costs—consisting of the past-due balance and the ongoing advances for the subject loan—in its notice of removal. *Id.* 3:15–18; *Removal* ¶ 13.

The Court finds that the amount-in-controversy requirement is met. In her complaint, Plaintiff requests the recovery of $60,000 in damages resulting from the attorney's fees, excess interest, late fees, foreclosure fees and other amounts that have been added to her loan balance. *Compl.* ¶ 72; *id.* 10:22–25. She has also requested statutory damages and attorney's fees, *id.* 10:25–28, which is likely to amount to more than $15,000. *See also Brady v. Mercedes-Benz USA, Inc.*, 243 F. Supp. 2d 1004, 1011 (N.D. Cal. 2002) (holding that reasonable attorneys' fees may be considered as included in the amount in controversy); *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1155–56 (9th Cir. 1998). Thus, in damages and fees alone, there is likely more than $75,000 in controversy.

Defendant also is correct that the amount in controversy of the alleged injunctive relief that would preclude foreclosure from proceeding are the carrying costs for the loan, inclusive of all advances Defendant must make due to Plaintiff's default:

> [T]he amount in controversy in . . . cases [where the plaintiff seeks a temporary injunction pending review of a loan modification application] does not equal the value of the property or amount of indebtedness. Parties seeking to establish diversity jurisdiction over such cases may still demonstrate that the amount in controversy requirement is satisfied using other measures, such as the transactional costs to the lender of delaying foreclosure or a fair rental value of the property during the pendency of the injunction.

*See Corral v. Select Portfolio Servicing, Inc.*, 878 F.3d 770, 776 (9th Cir. 2017). Defendant has estimated that the past due total is $50,180.85 with an approximate ongoing monthly cost being $2,813.85, representing the past due monthly payments, ongoing monthly payments, property taxes, home insurance, and private mortgage insurance. *Removal* ¶ 13. This certainly brings the amount in controversy above the threshold level. *Huges v. Mandry Tech. Sols., LLC*, No. 2:23-cv-09502-JLS-MAR, 2023 U.S. Dist. LEXIS 206553, at *2-3 (C.D. Cal. Nov. 16, 2023) (assessing whether damages, in combination with the costs of injunction compliance, surpass

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 24-02503 PSG (RAOx) | Date | May 22, 2024 |
|---|---|---|---|
| Title | Lorraine De Leonardis v. Specialized Loan Servicing, LLC et al. | | |

$75,000); *see also Int'l Padi, Inc. v. Diverlink*, No. 03-56478, 2005 WL 1635347, at *1 (9th Cir. July 13, 2005).

Accordingly, the Court **DENIES** Plaintiff's motion to remand, and the Court has jurisdiction to evaluate Defendant's motion to dismiss.

III.   Dismissal

   A.   Legal Standard

To survive a Rule 12(b)(6) motion, a complaint must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). In assessing the adequacy of the complaint, the court must accept all pleaded facts as true and construe them in the light most favorable to the plaintiff. *See Turner v. City & Cnty. of S.F.*, 788 F.3d 1206, 1210 (9th Cir. 2015); *Cousins v. Lockyer*, 568 F.3d 1063, 1067 (9th Cir. 2009). The court then determines whether the complaint "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. However, a cause of action's elements that are "supported by mere conclusory statements, do not suffice." *Id*. Accordingly, "for a complaint to survive a motion to dismiss, the non-conclusory factual content, and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." *Moss v. United States Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009) (internal quotation marks omitted).

Rule 9(b) requires a party alleging fraud to "state with particularity the circumstances constituting fraud." Fed. R. Civ. P. 9(b). To plead fraud with particularity, the pleader must state the false representations' time, place, and specific content. *See Odom v. Microsoft Corp.*, 486 F.3d 541, 553 (9th Cir. 2007). When the defendant is an entity, a complaint generally must also identify the person who made the false representations on behalf of the entity. *United States ex rel. Lee v. SmithKline Beecham*, 245 F.3d 1048, 1051 (9th Cir. 2001). The allegations "must set forth more than neutral facts necessary to identify the transaction. The plaintiff must set forth what is false or misleading about the statement, and why it is false." *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir. 2003) (internal quotation marks omitted). In essence, the defendant must be able to adequately answer the fraud allegations. *Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1124 (9th Cir. 2009).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 24-02503 PSG (RAOx) | Date | May 22, 2024 |
|---|---|---|---|
| Title | Lorraine De Leonardis v. Specialized Loan Servicing, LLC et al. | | |

B. *Discussion*

Defendant argues that dismissal of Plaintiff's complaint is proper under FRCPs 9(b) and 12(b)(6) because:

(1) Plaintiff cannot maintain a claim for Concealment because Defendant does not owe her a fiduciary duty and she has not pleaded [the cause of action] with specificity; (2) Plaintiff cannot maintain a claim for negligence because Defendant does not owe her a duty of care; and (3) Plaintiff's claim for violation of Business & Professions Code § 17200 is improper because she has not sustained recoverable damages and it is derivative of the other failed claims.

*MTD* 1:19–26. The Court will evaluate each cause of action.

i. *Concealment*

The elements for fraudulent concealment are: "(1) concealment or suppression of a material fact; (2) by a defendant with a duty to disclose the fact to the plaintiff; (3) the defendant intended to defraud the plaintiff by intentionally concealing or suppressing the fact; (4) the plaintiff was unaware of the fact and would not have acted as he or she did if he or she had known of the concealed or suppressed fact; and (5) plaintiff sustained damage as a result of the concealment or suppression of the fact." *Graham v. Bank of America, N.A.*, 226 Cal. App. 4th 594, 605 (2014). Because this is a claim based in fraud, *see Tenet Healthsystem Desert, Inc. v. Blue Cross of Cal.*, 245 Cal. App. 4th 821, 844 (2016), Rule 9(b)'s higher pleading standards apply, *see Kearns*, 567 F.3d at 1127 (indicating that where the complaint "alleges a unified course of fraudulent conduct . . . with an intent to induce reliance and defraud," the claims "are grounded in fraud" and "must therefore be pleaded with particularity").

Plaintiff alleges that in October 2023, Defendant concealed the reason she was deemed ineligible for a loan modification program, since an agent of Defendant refused to explain why she did not qualify for any of the options. *Compl.* ¶ 43. She further asserts that this concealment deceived Plaintiff into thinking that it was impossible to cure her past default amount, even though—as Plaintiff claims—she would have qualified for a repayment plan. *Id.* ¶ 47. And had she been given the reasoning behind her denial, she would have found other ways to cure the past due balance including filing for bankruptcy or taking out a personal loan. *Id.* ¶ 48. Plaintiff's complaint fails for two reasons.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 24-02503 PSG (RAOx) | Date | May 22, 2024 |
|---|---|---|---|
| Title | Lorraine De Leonardis v. Specialized Loan Servicing, LLC et al. | | |

First, Defendant does not have a duty to disclose material facts to Plaintiff. "Although material facts are known to one party and not the other, failure to disclose them is ordinarily not actionable fraud unless there is some fiduciary relationship giving rise to a duty to disclose." *Weiner v. Fleishman*, 54 Cal.3d 476, 483 (1991). "'[A]bsent special circumstances . . . a loan transaction is at arm's length and there is no fiduciary relationship between the borrower and lender.'" *Perlas v. GMAC Mortg., LLC*, 187 Cal. App. 4th 429, 436 (2010) (quoting *Oaks Management Corp. v. Sup. Ct.*, 145 Cal. App. 4th 453, 466 (2006)). Plaintiff does not allege that Defendant's "involvement in the loan transaction . . . exceed[s] the scope of its role as a mere money lender," so Defendant has no fiduciary duty to Plaintiff. *Camillo v. Washington Mut. Bank, F.A.*, No. 1:09-CV-1548 AWI SMS, 2009 WL 3614793, at *7 (E.D. Cal. Oct. 27, 2009). Without a fiduciary relationship, Defendant had no duty to disclose material facts to Plaintiff and Plaintiff's concealment claim fails. *Id.*

Second, Plaintiff's concealment claim further fails because she does not "state with particularity the circumstances constituting fraud," Fed. R. Civ. P. 9(b), particularly as to the fourth and fifth elements of a concealment. As to the fourth element—that Plaintiff would have acted differently had she known the concealed fact—Plaintiff makes conflicting statements about what she would have done. She states that she would have been eligible for a loan program at the time she was told she was ineligible in October 2023, and Defendant was merely running out the clock until she was actually ineligible. *Compl.* ¶¶ 43–47. However, Plaintiff proceeded to file an application for a loan modification in December 2023, within the 90-day window. *Id.* ¶¶ 27–28. Thus, if Plaintiff is correct that she was still eligible for a loan modification when Defendant told her otherwise, Defendant's concealment of the truth did not stop Plaintiff from pursuing a loan modification.

Moreover, after submitting her December 2023 application, Plaintiff was given a reason as to why she was ineligible: Plaintiff had already received a loan modification in 2022. *Id.* ¶ 29. Plaintiff does not deny this to be true, but merely states that the modification she had previously received only applied to the life of the loan. *Id.* ¶ 30. Plaintiff provides no explanation why a modification only to the life of the loan affects the determination that she had already received a loan modification. Plaintiff also fails to explain how knowing that fact in October 2023 would have changed her behavior. Nor does she explain how concealment of that fact "ran out the clock," since regardless of her knowledge of *why* she was ineligible, she was ineligible since 2022. Plaintiff seems to tacitly acknowledge this because she says had she known she was ineligible, she "would have found other ways to cure the past due balance." *Id.* ¶ 48. Yet, this conflicts with her assertion that the concealment deceived her into thinking "it was impossible to cure her past default amount." *Id.* ¶ 47.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 24-02503 PSG (RAOx) | Date | May 22, 2024 |
|---|---|---|---|
| Title | Lorraine De Leonardis v. Specialized Loan Servicing, LLC et al. | | |

Similarly, Plaintiff does not explain why knowledge of the reason why she was deemed ineligible would somehow have led her to pursue other options, such as a personal loan or bankruptcy. She was repeatedly told that she would not be granted a loan modification, which indicated that she must seek out alternative solutions. Thus, the harm she alleges—the growing past due balance and charges—is not clearly caused by Defendant refusing to inform Plaintiff in October 2023 of why she was ineligible. Plaintiff had the necessary information to make a different decision.

As a result, Plaintiff has failed to plead that Defendant had a duty to provide her with information and she has not met Rule 9(b)'s specificity requirement, so the concealment claim is **DISMISSED**.

        *ii.*    *Negligence*

Plaintiff's negligence claim fails for similar reasons as her concealment claim—Plaintiff fails to establish Defendant owed her a duty. Plaintiff asserts that Defendant was negligent in issuing a letter to Plaintiff that erroneously claimed the owner of the property was deceased. *Compl.* ¶¶ 53–58; *see Demise Letter*. Plaintiff asserts that she was harmed by this negligence because the letter led her to realize that Defendant is disorganized as to her loan and that any prior conversations with Defendant regarding her mortgage account may have been false. *Compl.* ¶ 56.

The California Supreme Court has held that, under the economic loss rule, lenders do not owe borrowers a duty of care as to the handling of the mortgage beyond what was agreed to in the terms of their mortgage contract. *Sheen v. Wells Fargo Bank, N.A.*, 12 Cal.5th 905, 923–24, 942 (2022), *reh'g denied* (June 1, 2022) ("To impose a tort duty in such circumstances would go further than creating obligations unnegotiated or agreed to by the parties; it would dictate terms that are contrary to the parties' allocation of rights and responsibilities.").[3] Here, Plaintiff and Wells Fargo had a contract—the mortgage and corresponding deed of trust—and Wells Fargo's obligations and benefits were then assigned to Defendant. *See Assignment*. Plaintiff's claim against Defendant—that Defendant is mishandling her mortgage file and sent an erroneous letter regarding her mortgage—arises from the underlying mortgage contract. *See Sheen*, 12 Cal.5th at 923–25, 942 (finding that the plaintiff's claim that Wells Fargo was negligent for failing to timely and carefully review and respond to the plaintiff's request to modify the mortgage

---

[3] Plaintiff asserts that "California courts have recognized a duty of care owed by financial institutions to borrowers, especially in the management of mortgage accounts," *MTD Opp.* 8:20–23, but provides no supporting caselaw for this point.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 24-02503 PSG (RAOx) | Date | May 22, 2024 |
|---|---|---|---|
| Title | Lorraine De Leonardis v. Specialized Loan Servicing, LLC et al. | | |

agreement arose from the contract). Because Plaintiff's claim is not independent of her contract with Defendant, Plaintiff cannot bring a negligence claim. *Id.* ("[T]he principle that 'there is no liability in tort for economic loss caused by negligence in the performance or negotiation of a contract between the parties'. . . 'protects the bargain the parties have made against disruption by a tort suit.'" (citing Rest.3d Torts, Liability for Economic Harm (June 2020))). Plaintiff's negligence claim is, therefore, **DISMISSED**.

    *iii.*  *Unfair Competition Law*

  California's UCL prohibits "any unlawful, unfair or fraudulent business act or practice and unfair, deceptive, untrue, or misleading advertising." Cal. Bus. & Prof. Code § 17200. Plaintiff asserts that Defendant has acted unfairly because: (1) it did not provide Plaintiff in October 2023 with specific information on why she did not qualify for loss mitigation options is unfair, *Compl.* ¶ 61; and (2) Defendant "ran out the clock" on Plaintiff's ability to apply for a loss mitigation option by falsely informing Plaintiff that no options were available, *id.* ¶ 62.

  "For an action based upon an allegedly unlawful business practice, the UCL borrows violations of other laws and treats them as unlawful practices that the unfair competition law makes independently actionable." *Carter v. Bank of Am., N.A.*, No. CV 12-06424 MMM (FFMx), 2012 WL 12887542, at *11 (C.D. Cal. Dec. 12, 2012). Plaintiff's UCL claim cannot survive under the unlawful prong of the UCL because it would be derivative of her failed concealment and negligence claims. *See id.* ("UCL claims that depend entirely on other claims that the court has dismissed do not provide a basis for a claim under the UCL's unlawful prong."); *Krantz v. BT Visual Images*, 89 Cal. App. 4th 164, 178 (2001) (holding that the viability of a UCL claim will "stand or fall" with the underlying claims).

  Under the UCL's unfair prong, "a business practice is 'unfair' only if it 'threatens an incipient violation of an antitrust law or violates the policy or spirit of one of those laws because its effects are comparable to or the same as a violation of the law, or otherwise significantly threatens or harms competition." *Drum v. San Fernando Valley Bar Ass'n*, 182 Cal. App. 4th 247, 254 (2010) (quoting *Cel-Tech Commc'ns, Inc. v. Los Angeles Cellular Telephone Co.*, 20 Cal.4th 163, 187 (1999)). Plaintiff makes no attempt to argue that Defendant's actions were anticompetitive, so the claim cannot be sustained under this prong of the UCL. *See also Massachusetts Cas. Ins. Co. v. Katz*, No. CV 12-4133-GHK (VBKx), 2012 WL 12886215, at *9 (C.D. Cal. Oct. 17, 2012) ("We conclude that the California Supreme Court would affirm that 'unfairness' claims are for competitors challenging anticompetitive practices, and that *Cel-Tech*'s definition of 'unfair' applies even in consumer UCL actions.").

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 24-02503 PSG (RAOx) | Date | May 22, 2024 |
|---|---|---|---|
| Title | Lorraine De Leonardis v. Specialized Loan Servicing, LLC et al. | | |

Under the fraudulent prong of the UCL, a business practice is fraudulent if "members of the public are likely to be deceived" by the practice. *Comm. On Children's Television, Inc. v. Gen. Foods Corp.*, 35 Cal.3d 197, 211 (1983). As discussed above, Plaintiff has not shown that Defendant has acted deceptively towards her in any way, and thus Plaintiff cannot show that other members of the public are also likely to be deceived by Defendant's practices. The fraudulent prong is unavailable.

Lastly, in order for a plaintiff to have standing to bring a UCL claim, a plaintiff must "(1) establish a loss or deprivation of money or property sufficient to qualify as injury in fact, i.e., economic injury, and (2) show that that economic injury was the result of, i.e., caused by, the unfair business practice or false advertising that is the gravamen of the claim." *Kwikset Corp. v. Superior Ct.*, 51 Cal.4th 310, 322 (2011). As discussed above in regard to concealment, Plaintiff has struggled to show that the mounting fees and outstanding debt are "caused by" Defendant's actions since Defendant had no duty to provide Plaintiff with more information and because Plaintiff had sufficient information to change her course of action. Nor does Plaintiff allege that Defendant has wrongfully charged fees or increased her outstanding debt, in the meantime. Additionally, foreclosure on Plaintiff's home has not yet occurred. Plaintiff has therefore not sufficiently alleged damages to support her UCL claim.

Accordingly, Plaintiff's UCL claim must be **DISMISSED**.

  C. Leave to Amend

Plaintiff has requested that where the Court finds her complaint deficient as to any cause of action, the Court grant Plaintiff leave to amend her pleadings. *MTD Opp.* 10:12–15. Whether to grant leave to amend rests in the sound discretion of the trial court. *See Bonin v. Calderon*, 59 F.3d 815, 845 (9th Cir. 1995). Courts consider whether leave to amend would cause undue delay or prejudice to the opposing party, and whether granting leave to amend would be futile. *See Sisseton-Wahpeton Sioux Tribe v. United States*, 90 F.3d 351, 355 (9th Cir. 1996). Generally, dismissal without leave to amend is improper "unless it is clear that the complaint could not be saved by any amendment." *Jackson v. Carey*, 353 F.3d 750, 758 (9th Cir. 2003).

As discussed above, the Court grants dismissal as to all three of Plaintiff's causes of action. Plaintiff's negligence claim cannot be cured of its defect because Plaintiff cannot bring a negligence claim resulting from her contractual relationship with Defendant, and there is nothing Plaintiff can allege to change this. Thus, leave to amend the negligence claim is **DENIED**.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 24-02503 PSG (RAOx) | Date | May 22, 2024 |
|---|---|---|---|
| Title | Lorraine De Leonardis v. Specialized Loan Servicing, LLC et al. | | |

As to the concealment claim, the Court finds that, while doubtful, Plaintiff could allege facts that Defendant's "involvement in the loan transaction . . . exceed[s] the scope of its role as a mere money lender," so that Defendant has a fiduciary duty to Plaintiff. *Camillo*, 2009 WL 3614793, at *7. Plaintiff could also provide more facts to meet Rule 9(b)'s higher pleading requirements and resolve the deficiency in showing causation. The Court, therefore, **GRANTS** leave to amend Plaintiff's concealment cause of action.

If Plaintiff appeals to the unlawful prong of the UCL, her claim would be derivative of the concealment claim, which could be amended. The defects of her UCL claim, then, could be cured, too. Plaintiff could also allege more facts to establish that Defendant's practice falls under the unfair or fraudulent prongs of the UCL. The Court, therefore, **GRANTS** leave to amend Plaintiff's UCL cause of action.

IV.   Conclusion

For the foregoing reasons, the Court **DENIES** Plaintiff's motion for remand. Additionally, the Court **GRANTS** the motion to dismiss **with leave to amend** Plaintiff's concealment and UCL causes of action. The Court also **GRANTS** the motion to dismiss Plaintiff's negligence claim **with prejudice**. An amended complaint must be filed no later than **June 28, 2024** or the Court will dismiss all causes of action.

**IT IS SO ORDERED.**